## National Life & Accident Insurance Company v. Etter.

(Decided December 9, 1930.)

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is the second appeal of this case. The first opinion is reported in 228 Ky. 399, 15 S. W. (2d) 242. The facts are well stated in that opinion. The judgment was reversed on the ground that the evidence of the witness who testified concerning the usual practice of other insurance companies was not competent. It was held that the burden was on the insurance company to show that the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the truth had been substantially stated. The evidence of the one witness on that point being incompetent, this court reversed the case because the insurance company had not met the burden

of proof which was held to be on it to show that the answers made by the insured were false and material.

When the case came on for trial again the insurance company introduced competent evidence to show that the answers made by the insured were false, and that the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the insured had substantially stated the truth in her answers.

It is insisted by counsel for appellee that the evidence of two witnesses that the insured was able to work up until about two weeks before her death and the evidence of Dr. Kidd that she was apparently in good health when he examined her at the time she made the application for insurance was sufficient to constitute a scintilla to take the case to the jury. It is true that Dr. Kidd stated that the insured was apparenly in good health at the time he examined her. He obtained his information from a casual examination and from the answers which she gave. The evidence of the other two witnesses had little, if any, weight, as it did not contradict the positive testimony of those who testified that insured was in bad health previous to the time that she made application for the insurance. The evidence of Dr. Kidd barely contradicted the other evidence although he did state that the insured was in good health at the time he made the examination, as his evidence clearly showed that he did not make such an examination, as would have disclosed the ailment which the witnesses for the insurance company stated existed at the time. If there is any evidence of a substantial nature, the question is one for the jury. We have reached the conclusion that the evidence of Dr. Kidd was sufficient to take the case to the jury, but the verdict of the jury is flagrantly against the weight of the evidence. A reading of the evidence is such as to cause the court to wonder how the jury could have reached the verdict which it returned, and that means that it strikes the court at first blush as overwhelmingly and flagrantly against the weight of the evidence.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.