# Etter v. National Life & Accident Ins. Co.

(Decided October 28, 1932.)

J. B. ALLENSWORTH, W. A. BERRY, and A. M. NICHOLS for appellant.

L. B. ALEXANDER and C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This case has been tried three times and this is the third appeal. The opinions on the former appeals are reported in 228 Ky. 399, 15 S. W. (2d) 242 and 236 Ky. 418, 33 S. W. (2d) 302.

Jeanette Etter was the beneficiary in a $1,000 policy of life insurance issued to Bessie Smith by the National Life & Accident Insurance Company. The application for the policy was dated April 16, 1927, the policy was issued on May 11, 1927, and the insured died on August 11, 1927.

The insured in answer to specific questions stated in the application for the policy that she had not had

certain diseases and had not consulted a physician for any ailment or disease since childhood. The proof of death furnished the insurance company by the beneficiary disclosed that the insured died of cancer and that she consulted a physician a short time before the application was signed by her. The company denied liability and the beneficiary brought this action to recover on the policy.

The company in its answer pleaded that the insured in her application made certain representations which were false and material. On the first trial the defendant's motion for a directed verdict in its favor was sustained and a judgment was entered dismissing the petition, and, on appeal, that judgment was reversed on the ground that the materiality of the alleged false representations was not shown by a witness competent to speak on the subject. Etter v. National Life & Accident Insurance Company, 228 Ky. 399, 15 S. W. (2d) 242.

On the second trial the case was submitted to the jury which returned a verdict in favor of the plaintiff and a judgment was entered in accordance with the verdict. On appeal to this court that judgment was reversed on the ground that the verdict was flagrantly against the evidence. National Life & Accident Insurance Company v. Etter, 236 Ky. 418, 33 S. W. (2d) 302.

At the third trial of the case, the trial court, at the conclusion of all the evidence, peremptorily instructed the jury to find for the defendant, and from a judgment dismissing her petition the plaintiff has appealed.

The sole question presented is whether there was sufficient evidence to take the case to the jury. The witnesses for the defendant on the second and third trials were the same. On the third trial the plaintiff introduced for the first time Dr. Stewart and Dr. Shemwell who testified in substance that a correct diagnosis, where the presence of cancer is suspected, can be made only by a microscopical examination of the infected tissues. The purpose of the evidence was to affect the postive statement of Dr. Kiser that the insured died of cancer with which she had been afflicted for several months. Dr. Kiser testified that he examined the insured and based his diagnosis on that examination, but whether or not he made a microscopical examination does not appear. He was not asked and he did not de-

scribe the nature of the examination made by him. Consequently the testimony of the two physicians introduced by the plaintiff had no bearing on any issue in the case and was irrelevant. Plaintiff also introduced several witnesses, in addition to those introduced on the former trial, who testified that the insured was able to work until two weeks before her death. In speaking of similar testimony in the opinion on the second appeal it was said that such evidence had little, if any, weight as it did not contradict the positive testimony of those who testified that the insured was in bad health previous to the time she made application for the insurance.

The question in issue was whether or not the insured made false and material representations in her application as to any illness suffered or any physician consulted by her previous to that time. The condition or apparent condition of her health, subsequent to the time she made the application, could not affect the falsity or materiality of her representations. It was admitted by the plaintiff and her witnesses that the insured had been ill, had spent two weeks in a hospital, and had been treated by a number of physicians a few months before the application was made. On the second appeal it was held that the testimony of Dr. Kidd afforded the required scintilla of evidence to take the case to the jury, but was not sufficient to sustain the verdict. Referring to his testimony, the court said:

"The evidence of Dr. Kidd barely contradicted the other evidence although he did state that the insured was in good health at the time he made the examination, as his evidence clearly showed that he did not make such an examination as would have disclosed the ailment which the witnesses for the insurance company stated existed at the time. If there is any evidence of a substantial nature, the question is one for the jury. We have reached the conclusion that the evidence of Dr. Kidd was sufficient to take the case to the jury, but the verdict of the jury is flagrantly against the weight of the evidence."

On the second trial in response to the question, "Was there anything wrong with Bessie Marshall Smith at the time you examined her?" Dr. Kidd answered, "No." On the last trial in answer to the same question, he said, "I never found anything wrong with

her.'' This was quite different from the positive statement made by him on the former trial to the effect that she was in good health when he examined her in April, 1927, especially when considered in connection with his statement that his opinion of her condition resulted from a casual examination made by him and from answers which she gave. On the last trial the evidence of Dr. Kidd did not amount to even a bare contradiction of the other evidence.

There was a total lack of evidence of a substantial nature to take the case to the jury, and the trial court did not err in directing the jury to return a verdict for the defendant.

Judgment affirmed.